In the Matter of D. M. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

V. I. M.,
*Appellant.*

Clackamas County Circuit Court
16JU06206; A163870 (Control)

In the Matter of A. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

V. I. M.,
*Appellant.*

Clackamas County Circuit Court
16JU06207; A163871

In the Matter of M. M. M.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

V. I. M.,
*Appellant.*

Clackamas County Circuit Court
16JU06208; A163872

In the Matter of D. K. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

V. I. M.,
*Appellant,*

Clackamas County Circuit Court
16JU06209; A163873

In the Matter of A. K. T.,
a Child.

DEPARTMENT OF HUMAN SERVICES,
*Petitioner-Respondent,*

*v.*

V. I. M.,
*Appellant.*

Clackamas County Circuit Court
16JU06210; A163874

397 P3d 73

George W. Kelly filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jordan R. Silk, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Egan, Judge, and Lagesen, Judge.

## PER CURIAM

In this consolidated juvenile dependency appeal, mother appeals judgments asserting jurisdiction over her five children.[1] In the juvenile court, mother admitted that jurisdiction was appropriate because she "was subjected to domestic violence by her domestic associate" and was unable to protect the children from exposure to domestic violence, which presented a risk of harm to each of the children. However, she contested allegations by the Department of Human Services (DHS) that she had a substance abuse problem (Allegation 1) and mental health issues (Allegation 2) that interfered with her ability to safely parent the children. After a jurisdictional hearing, the juvenile court determined that DHS had proven the substance abuse and mental health allegations, and took jurisdiction based on those allegations, as well as mother's admission to the domestic violence allegation.[2]

On appeal, mother asserts that the evidence was insufficient to establish that substance abuse or mental health issues caused her to be an unsafe parent. DHS concedes that the evidence at the jurisdictional hearing was "legally insufficient to prove that mother had a substance abuse problem that posed a current risk of harm to her children at the time of the dependency trial." DHS, however, argues that sufficient evidence supports the juvenile court's determination that mother's mental health issues posed a current risk of harm to her children at the time of the hearing.

We agree with DHS on both counts. That is, we accept DHS's concession that the evidence was insufficient as to the substance abuse allegation, and agree that there was sufficient evidence to support jurisdiction based on mother's mental health issues.

---

[1] The three oldest children and the two youngest children have different fathers. The juvenile court determined that jurisdiction with respect to each father was appropriate. Neither father appeals the judgments.

[2] The juvenile court dismissed an allegation that mother failed to provide an adequate supply of food for the children and often fails to prepare meals for the children.

Jurisdictional judgments reversed and remanded for entry of judgments establishing dependency jurisdiction based on allegations other than Allegation 1; otherwise affirmed.